## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHANNON LEA MARTIN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:18-CV-2010-RDP** |
| | } | |
| **ELIJAH T. BRINGHAM, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants' Motion to Dismiss Count Two of Plaintiff's Complaint. (Doc. # 5). The Motion has been fully briefed (Docs. # 11, 12) and is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Defendants' Motion is due to be granted.

## I.    Background

On January 15, 2017, Plaintiff Shannon Lea Martin was arrested for driving under the influence of alcohol.[1] (Doc. # 1 at ¶ 2; Doc. # 5-1). She was arrested by two Gardendale Police Officers, Elijah Bringham and Stephen Eason (collectively, "Defendants"). (Doc. # 1 at ¶¶ 2-3). Plaintiff alleges that she was sitting in a parked vehicle adjusting her clothing, when Defendants approached her car and demanded she take a breathalyzer test and walk in a straight line. (*Id.* at

---

[1] Although Plaintiff's Complaint does not explicitly state that she was arrested for driving under the influence of alcohol, Defendants attach to their Motion to Dismiss records of her conviction and her Notice of Appeal. (Doc. # 5-1). Plaintiff does not dispute the validity of these records or argue that it would be improper for the court to consider them in deciding the Motion to Dismiss. Accordingly, the court takes judicial notice of these documents reflecting Plaintiff's conviction in the Gardendale Municipal Court. *See Davis v. Self*, 960 F. Supp. 2d 1276, 1283 (N.D. Ala.) (explaining that a court may treat documents from prior state court adjudications as public records); Federal Rule of Evidence 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

¶¶ 4-5). Plaintiff claims that Defendants then placed her in handcuffs with her hands behind her back and seated her in the back seat of their patrol car. (*Id*. at ¶ 6).

Plaintiff alleges that while she was sitting in the back of the patrol car, the handcuffs came off of her right hand. (*Id*. at ¶¶ 7-8). She asserts that she made no attempt to resist or escape, but raised her right hand to inform Defendants that the handcuff had come off. (*Id*. at ¶ 8). According to Plaintiff, Defendant Bringham grabbed her by the arm, pulled her out of the patrol car in a standing position, and "slammed [her] head into the door frame of the car severely injuring her left eye." (*Id*. at ¶¶ 10-12). Plaintiff further contends that both Defendants "seized [her] and shoved [her] into the ground slamming her into the pavement of the parking lot." (*Id*. at ¶ 13). Defendants reapplied the handcuffs while her stomach was pressed to the pavement. (*Id*. at ¶ 14). Finally, Plaintiff alleges that before she was taken to the Gardendale Jail, the Gardendale Police Department transported her to UAB Hospital to receive treatment for her injuries.  (*Id*. at ¶ 17).

On April 21, 2017, the Gardendale Municipal Court found Plaintiff guilty of driving under the influence. (Doc. # 5-1 at 3). Thereafter, Plaintiff timely filed her Notice of Appeal with the circuit court. (*Id*. at 1-2).

Plaintiff raises two claims against Defendants under 42 U.S.C. § 1983. First, she claims that while acting under color of law, Defendants violated her constitutional right to be free from the use of excessive or unreasonable force during an arrest. (*Id*. at ¶¶ 19-24). Second, she alleges that Defendants "intentionally committed acts that violated [her] constitutional right not to be arrested without probable cause…by arresting [her] without probable cause." (*Id*. at ¶¶ 25-29).

## II.    Analysis

In their Motion to Dismiss, Defendants argue that Count Two of Plaintiff's Complaint is barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) because her claim is not yet ripe for adjudication. (Doc. # 5 at 2). The court agrees that Count Two is not properly before the court at this time because Plaintiff's appeal is still pending before the state circuit court. However, Defendants' argument is perhaps better framed as a jurisdictional issue governed by the *Younger* abstention doctrine.[2] Accordingly, after careful review, the court finds that Count Two is due to be dismissed without prejudice based on abstention grounds.

### A.    *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court found that a § 1983 plaintiff cannot recover damages[3] for an allegedly unconstitutional conviction, unless she has shown "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id*. at 487 (emphasis in original). If a favorable judgment for the plaintiff would "necessarily imply the invalidity of [her] conviction or sentence…the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

---

[2] At any time, the court may *sua sponte* address the issue of subject matter jurisdiction. *See* Federal Rule of Civil Procedure 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Gilam v. Harris*, 2012 WL 1568676, at *4 (N.D. Ala. April 26, 2012) (discussing *Heck* and *Younger* jurisdictional concerns, *sua sponte*). Here, although *Heck* does not bar Plaintiff from pursuing the claim raised in Count Two of her complaint, the court *sua sponte* raises the *Younger* abstention doctrine as jurisdictional grounds for dismissal.

[3] Although the court's ruling in *Heck* originally applied to § 1983 plaintiffs seeking money damages, *Heck's* holding has since been extended to claims seeking declaratory or injunctive relief as well as money damages. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir.1995).

invalidated." *Id.* While the court agrees with Defendants that Plaintiff's requested relief in Count Two "necessarily impl[ies] the invalidity of [her] conviction," Plaintiff's currently pending appeal for a trial *de novo* removes this claim from the grasp of the *Heck* bar.

To determine whether the *Heck* bar applies to Fourth Amendment illegal arrest claims, courts "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Vickers v. Donahue,* 137 Fed.Appx. 285, 290 (11th Cir.2005) (internal quotations omitted). Plaintiff's conviction for driving under the influence of alcohol would necessarily be invalidated by a finding that the arrest was made without probable cause. More specifically, Plaintiff challenges the very existence of evidence justifying her arrest, and by extension, her potential conviction. If there was no basis for Defendants to approach Plaintiff, the arrest on which Plaintiff's conviction stands would be improper.

However, Defendants' argument falters under closer scrutiny of the condition precedent to the application of the *Heck* bar—whether Plaintiff can demonstrate that her conviction has already been reversed or invalidated. Plaintiff asserts that her DUI "conviction has, in effect, been reversed by direct appeal because the filing of the appeal itself vacates the conviction." (Doc. # 11 at 1-2). Plaintiff filed her appeal under Alabama Code § 12-14-70 (1975), which states that all appeals of municipal court convictions must be made to the circuit court for a trial *de novo*. A trial *de novo* means "the prior convictions are accorded no weight or effect, the presumption of innocence is restored, and the State bears its burden anew to prove guilt beyond a reasonable doubt." *Whitlow v. City of Sumiton*, 2012 WL 4479269, at *5 (N.D. Ala. Aug. 31, 2012) (finding plaintiff's municipal court convictions to be of "questionable legal significance" once she perfected her appeal, but dismissing § 1983 claim on alternative grounds). Thus, the very nature of a trial *de novo* implies that "[t]he appeal when taken operates to annul and vacate

the entire judgment of the justice of the peace." *Wheat v. State*, 907 So. 2d 461, 462 (Ala. 2005) (emphasis removed) (quoting *Louisville & Nashville R.R. v. Lancaster,* 121 Ala. 471, 473-74 (1899)). In light of this precedent, there is a substantial question as to whether Defendants are entitled to a dismissal of Count Two based solely on *Heck*, because her appeal to the circuit court for a trial *de novo* invalidated Plaintiff's conviction.

### B.  Application of the *Younger* Abstention Doctrine

That being said, Defendants argument is better recast as a jurisdictional question of abstention. Pursuant to the *Younger* abstention doctrine, the court may properly abstain from exercising jurisdiction in order to avoid interfering with Plaintiff's currently pending state appeal. *See Younger v. Harris,* 401 U.S. 37 (1971). The Supreme Court in *Younger* held that "abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Office*, 542 Fed.Appx. 764, 766 (11th Cir. 2013). "Under *Younger*, this court must abstain when the criminal prosecution in state court commenced before any proceedings of substance have taken place in federal court." *Walker v. Roberson*, 2017 WL 2374799, at *2 (N.D. Ala. Feb. 21, 2017) (quoting *Turner*, 542 Fed. Appx. at 766). In determining whether the federal proceeding would interfere with the state proceeding, "[the court] look[s] to the relief requested and the effect it would have on the state proceedings." *Cano-Diaz v. City of Leeds, Ala.*, 882 F. Supp. 2d 1280, 1286 (N.D. Ala. 2012) (quoting *31 Foster Children v. Bush,* 329 F.3d 1255, 1276 (11th Cir.2003)).

In Count Two, Plaintiff seeks a determination that Defendants lacked probable cause to arrest her. (Doc. # 1 at ¶¶ 25-29). Applying the *Younger* elements, it is clear that a federal determination of this claim would interfere with Plaintiff's state appeal. First, Plaintiff filed her

appeal on April 27, 2017, and it is still pending before the circuit court. (Doc. # 5-1 at 1-2). The court cannot address the merits of Count Two without making an explicit finding as to whether Plaintiff's DUI arrest was based on sufficient probable cause. Such a finding would directly interfere with the circuit court's adjudication of Plaintiff's appeal. *See Roberts v. Buchanah*, 2017 WL 5247943, at *3 (N.D. Ga. June 16, 2017). Second, the state's ability to prosecute DUI charges represents an important state interest. *Christman v. Crist*, 315 Fed.Appx. 231, 232 (11th Cir. 2009) (per curiam). Finally, Plaintiff is free to "raise [her] claim that [she] was arrested without probable cause as a defense to [her] DUI charge" in the state proceeding. *Roberts*, 2017 WL 5247943, at *3. This court cannot interfere with that proceeding by deciding the probable cause issue in advance. Given the foregoing ripeness and abstention concerns, Count Two is due to be dismissed without prejudice on these abstention grounds. *See Cano-Diaz*, 882 F. Supp. 2d at 1286.

## III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Count Two of Plaintiff's Complaint (Doc. # 5) is due to be granted. Accordingly, Count Two is dismissed without prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 12, 2019.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE